Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Taylor Markey, CA SBN 319557
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

vs.

AGED ARTISANS LLC DBA
SQUARE BARRELS; SURFEIT
GROUP LLC; ALTRES, INC. DBA
SimplicityHR and Does 1-5 Inclusive,

Defendant(s).

Case No.:

**COMPLAINT—Title VII**
- **Sexual Harassment (Male)**
- **Sexual Harassment (Gay Male)**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Commission ("Plaintiff" or "Commission") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (male) and sexual orientation (gay male) and to provide appropriate relief to Charging Party ("Charging Party") and a class of similarly situated aggrieved individuals who were adversely affected by such practices.

As set forth with greater particularity below, Plaintiff alleges that Defendants Aged Artisans LLC dba Square Barrels ("Square Barrels"), Surfeit Group LLC ("Surfeit") and Altres, Inc. dba SimplicityHR ("Altres") (collectively, "Defendants") violated Title VII by unlawfully subjecting Charging party and a class of similarly situated aggrieved individuals to sexual harassment, including a hostile work environment based on their sex (male) and sexual orientation (gay male).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights

Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.    At all relevant times, Square Barrels continuously was a corporation doing business in the State of Hawaii and continuously had at least fifteen (15) employees.

5.    At all relevant times, Square Barrels continuously was an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6.    At all relevant times, Surfeit has continuously been a corporation doing business in the State of Hawaii.

7.    At all relevant times, Surfeit has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

8.     Square Barrels and Surfeit are Hawaii corporations that operate food and beverage establishments on Oahu.

9.     In each calendar year from 2017 through 2022, Surfeit and Square Barrels collectively employed at least 15 employees.

10.     At all relevant times, Altres has continuously been a corporation doing business in the State of Hawaii and has continuously had at least fifteen (15) employees.

11.     At all relevant times, Altres has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

12.     Altres is a Hawaii corporation that provides outsourced administrative human resources services in Hawaii.

13.     In each calendar year from 2017 through the present, Altres continuously employed at least 15 employees.

14.     At all relevant times, Square Barrels and Surfeit were a single employer while Altres was a joint employer with Square Barrels and Surfeit where all Defendants controlled the terms and conditions of employment of Square Barrels' employees.

15.     Surfeit is Square Barrels' parent company and they shared the same

corporate officers and common management.  The corporate officers for Surfeit

managed all operations relating to Square Barrels including the hiring, firing and

disciplining of Square Barrels' employees, as well as the scheduling of Square

Barrels' work schedules and assignments.

16.    Altres held itself out as the administrative employer of Square

Barrels' employees providing services including, but not limited to, on-site

orientations, compensation analysis, job descriptions, investigations, complex

terminations, responding to employment claims and charges, employee coaching,

counseling and disciplinary actions. Altres had the authority to hire, discipline, or

terminate Square Barrels' employees, and was involved in the separation of Square

Barrels' General Manager.  Square Barrels and Altres shared in the risk and

liability of employees' employment-related claims through Altres' Protection Plan.

Additionally, Altres' name was on Square Barrels' employee on-boarding

documents, including applications and termination agreements.

17.    All of the acts and failures to act alleged herein were duly performed

by and attributable to all Defendants, each acting as a successor, agent, alter ego,

employee, indirect employer, joint employer, integrated enterprise and/or or under

the direction and control of the others, except as specifically alleged otherwise.

Said acts and failures to act were within the scope of such agency and/or

employment, and each Defendant participated in, approved and/or ratified the

unlawful acts and omissions by the other Defendants complained of herein.
Whenever and wherever reference is made in this Complaint to any act by a
Defendant or Defendants, such allegations and reference shall also be deemed to
mean the acts and failures to act of each Defendant acting individually, jointly,
and/or severally.

18.     Plaintiff is ignorant of the true names and capacities of each
Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said
defendant(s) by fictitious names.  Plaintiff reserves the right to amend the
complaint to name each Doe defendant individually and collectively as they
become known.  Plaintiff alleges that each Doe defendant was in some manner
responsible for the acts and omissions alleged herein and Plaintiff will amend the
complaint to allege such responsibility when the same shall have been ascertained
by Plaintiff.

## ADMINISTRATIVE PROCEDURES

19.     More than thirty days prior to the institution of this lawsuit, Charging
Party filed charges of discrimination with the Commission alleging violations of
Title VII by Square Barrels and Altres.

20.     On July 14, 2022, the Commission issued to Defendants Surfeit,
Square Barrels and Altres Letters of Determination finding reasonable cause to
believe that Defendants have violated Title VII.  The Commission invited

Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

21.    The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission and on September 7, 2022, the Commission issued to Defendants Notices of Failure of Conciliation.

22.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

23.    Since at least 2018, Square Barrels, Altres and Surfeit have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Charging Party and similarly situated aggrieved individuals (hereinafter "Claimants") to ongoing sexual harassment that was severe or pervasive by maintaining an offensive, abusive, intimidating and hostile work environment because of sex (male) and sexual orientation (gay male), as well as by failing to prevent or correct the harassment Charging Party and Claimants endured.

24.    Starting in late 2018, Charging Party and Claimants were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive physical and/or verbal harassment of a sexual nature by Thomas Ray, a co-owner of Square Barrels and Surfeit (hereinafter "Ray").  The harassment occurred several times weekly and

included, but not limited to, the following: slapping employees' butts; rubbing employees' shoulders; asking for oral sex from employees; and asking about intimate details of employees' sex lives with their male partners. Ray would also undress and expose his penis to Charging Party and Claimants in the restaurant office or at the building rooftop.

25.    On one of these occasions, Ray asked how Charging Party liked his "big dick" in the presence of Square Barrels' General Manager (Ray's wife) and Square Barrels' Head Chef. Ray also frequently called out the word "gay" when walking by Charging Party and "outed" his sexuality to strangers, revealing Charging Party's sexual orientation to customers unprompted.

26.    Ray's harassing conduct toward male employees was not limited to the Charging Party; multiple Claimants also experienced similar harassment.  For example, Ray exposed his penis to one Claimant, to the point that the Claimant had to ask Ray to stop exposing his penis because he found it too uncomfortable. Ray would also undress in front of another Claimant while smiling at him and revealing his penis and buttocks to him, making the Claimant extremely uncomfortable. Ray also continued making repeated offensive remarks about gay people in the presence of a Claimant even after he expressed discomfort with being subjected to such remarks.

27.    The other co-owner and managers of Square Barrels and Surfeit had

actual notice of the hostile work environment because the sexually charged and inappropriate actions and comments by Ray were ubiquitous, open, frequent, and consistent in nature. Such behavior and comments were often within plain sight and earshot of Square Barrels and Surfeit's managers and reported to the other co-owner of Square Barrels and Surfeit.

28.     Square Barrels and Surfeit also failed to properly handle complaints made by Claimants.  After Charging Party complained to the Head Chef, who was present when Ray exposed his penis to Charging Party, that the exposure made him uncomfortable, Square Barrels and Surfeit did not follow up on the Charging Party's complaint.  Multiple complaints by Claimants about Ray's exposure of his genitals were simply ignored and met with responses like "you're a guy, it's not like you haven't seen it before" by Square Barrels' General Manager.

29.     On or around May 2020, Charging Party again complained about Ray's sexual harassment when told that he would have to work the same shifts with him upon re-opening after closure due to COVID.  It was only at this time that Square Barrels and Surfeit's other co-owner alerted Altres of a possible sexual harassment complaint.

30.     On or around May 26, 2020, Altres' Human Resource Specialist contacted Charging Party to discuss his claims of sexual harassment. Even though Altres was made aware of the sexual harassment by Ray and his status as a proxy,

Altres conducted an inadequate investigation and advised Charging Party that he would have to continue working with Ray upon his return. Altres not only failed to properly address the Charging Party's sexual harassment allegations, it also never took any action to address the sexual harassment perpetrated by Ray against other Claimants.

31.     As a result of Defendants' failure to take prompt and effective remedial measures, the harassment continued unabated. The harassment was unwelcome and sufficiently severe or pervasive to alter the terms and conditions of Charging Party's and Claimants' employment and created a hostile work environment.

32.     The effect of the practices complained of above has been to deprive Charging Party and Claimants of equal employment opportunities and otherwise adversely affects their status as employees because of their sex (male) and sexual orientation (gay male).

33.     The unlawful employment practices complained of above were intentional and caused Charging Party and Claimants to suffer emotional distress.

34.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and Claimants.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment and any other employment practices which discriminate on the basis of sex and sexual orientation;

B.      Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1);

C.      Order Defendants to make Claimants whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D.      Order Defendants to make Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E.      Order Defendants to pay Claimants punitive damages for their

intentional, malicious, and reckless conduct described above in an amount to be

determined at trial;

F.      Award the Commission its costs of this action; and

G.      Grant such further relief as the Court deems necessary and proper in

the public interest.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Dated: May 11, 2023                    Respectfully Submitted,

                    GWENDOLYN YOUNG REAMS,
                    Acting General Counsel
                    Washington, DC

                    CHRISTOPHER LAGE,
                    Deputy General Counsel
                    Washington, DC

By:    _____
                    Anna Y. Park,
                    Regional Attorney
                    EEOC – Los Angeles District Office

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION