Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
Taylor Markey, CA SBN 319557
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 800-2345
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No.: CV-23-00208-SOM-WRP |
| Plaintiff, | ) ) | **CONSENT DECREE; ORDER** |
| v. | ) ) | The Honorable Susan O. Mollway United States District Judge |
| AGED ARTISANS LLC DBA SQUARE BARRELS; SURFEIT GROUP LLC; ALTRES, INC. DBA SimplicityHR; and Does 1-5 Inclusive, | ) ) ) ) ) ) | |

| Defendant(s). | ) | |
|---|---|---|

## I.    **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff"), Defendant ALTRES, Inc. dba SimplicityHR (a Professional Employer Organization aka PEO) ("Defendant ALTRES") and Defendants Aged Artisans LLC dba Square Barrels & Surfeit Group LLC ("Defendants Square Barrels/Surfeit") (collectively, "Defendants")   (Plaintiff and Defendants collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendants in *U.S. Equal Employment Opportunity Commission v. Aged Artisans LLC dba Square Barrels et al. and Does 1-5, Inclusive*; Civil No. 23-00208-SOM-WRP (the "Action").

On May 11, 2023, Plaintiff filed this Action in the United States District Court, District of Hawaii, for alleged violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII")*.* The Action alleges that Defendants unlawfully discriminated against the Charging Party and a class of male employees (collectively, "Claimants") because of their sex (male) and sexual orientation (gay), by subjecting them to sexual harassment. The Action further alleges as to Defendants Square Barrels/Surfeit, that they failed to take prompt and effective remedial measures, allowing the sexual harassment to continue unabated. As to Defendant ALTRES, the Action alleges that it conducted an inadequate

investigation after it received notice in May 2020 of a sexual harassment complaint and that it failed to take prompt and effective remedial measures thereafter.

Defendants deny the allegations and liability. Defendants' agreement to this Decree is not an admission of liability.

## II.   PURPOSES AND SCOPE OF THE CONSENT DECREE

A.   The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants as well as their owners, officers, directors, agents, successors and assigns.  The scope of this Decree is companywide, unless otherwise noted.

B.   The Parties have entered into this Decree for the following purposes:

1.   To provide appropriate monetary and injunctive relief;

2.   To ensure employment practices in compliance with federal law;

3.   To ensure a work environment free from discrimination, harassment, and/or retaliation, particularly on the bases of sex and sexual orientation;

4.   To ensure effective policies and procedures and training are in compliance with anti-discrimination laws; and

5.   To ensure appropriate record keeping, reporting, and monitoring.

C.     This Decree, as described in further detail in Sections IX (Claimant Specific Injunctive Relief, X (General Injunctive Relief) and XI (Specific Injunctive Relief), below will be implemented by Defendants.

D.     Notwithstanding Section II.C above, Section XI (Specific Injunctive Relief) of this Decree shall be inapplicable to any Defendant whose business operations have ceased.  However, any Defendant whose business operations have ceased shall notify the EEOC in writing within sixty (60) days after resumption of business operations. Section XI of this Decree shall commence with full effect within thirty days (30) days of providing such written notification to the EEOC.

## III.   <u>RELEASE OF CLAIMS</u>

A.     This Decree fully and completely resolves all issues, claims and allegations raised, or that could have been raised, by the EEOC against Defendants in this Action, as well as all issues, claims and allegations raised in EEOC Charge Nos. 486-2020-00380 and 486-2020-00418.

B.     Nothing in this Decree shall be construed to limit or reduce Defendants' respective obligations to comply fully with Title VII or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures, except for the charges specifically referenced in this Decree.

## IV.    <u>JURISDICTION</u>

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that the Plaintiff alleges, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, adequate, and reasonable.   This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement or modify the relief provided herein.

## V.     <u>EFFECTIVE DATE AND DURATION OF DECREE</u>

A.      The provisions and agreements contained herein are effective immediately upon the date on which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.    MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  This Decree may be amended or modified in the interest of justice and fairness in order to effectuate the provisions herein. However, no waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party to which the particular waiver, modification or amendment applies.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

## VII.   COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that any Defendant(s) has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree, but only in accordance with and subject to the requirements of this Section.  Prior to initiating such action, the EEOC will notify the particular Defendant(s) and its/their legal counsel of record, in writing, of the nature of the dispute.  The EEOC's notice shall specify the particular provision(s) that the EEOC believes that Defendant(s)

breached.  Absent a showing by either party that the delay will cause irreparable harm, that Defendant(s) shall have thirty (30) days, or such further time as agreed to by the Parties, from receipt of the written notice to attempt to resolve or cure the breach.

B.      If the Parties are still unable to resolve all of the disputes referenced in the EEOC notice after using reasonable efforts and within thirty (30) days, or such further time as agreed to by the Parties, then the EEOC may petition this Court for resolution of the dispute, seeking all available relief the Court deems appropriate. If the alleged breach involves a failure to pay money under this Decree, the EEOC shall provide written notice of any alleged default of monetary payment under Section VIII to the respective Defendant that is allegedly in default and that respective Defendant shall have twelve (12) business days to cure the defect. After the particular cure period has passed, depending on whether it is an alleged breach of a monetary or non-monetary term,  if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the Court deems appropriate.

## VIII.  <u>MONETARY RELIEF</u>

A.      In settlement of this Action, Defendants will pay a total of One

Hundred and Fifteen Thousand and 00/100 Dollars ($115,000.00) ("Settlement

Amount"), to be distributed, at the sole discretion of the EEOC, to Charging Party

and any eligible Claimant.  The EEOC has sole discretion to determine who is an

eligible Claimant.  The EEOC also has sole discretion to characterize the monetary

relief amount to each Claimant as wage or non-wage compensation for emotional

distress damages ("characterization of monetary relief"). Defendants are obligated

by this Decree to accept the EEOC's exercise of discretion on the distribution and

characterization of monetary relief and to pay Charging Party and any eligible

Claimant, in accordance with the EEOC's determination.

B.      Defendant ALTRES' portion of the Settlement Amount is $100,000,

which shall be paid within thirty (30) days after receipt of the EEOC's Distribution

List as discussed below.

C.      Defendants Square Barrels/Surfeits' portion of the Settlement Amount

of $15,000 shall be paid in eighteen (18) equal monthly installments. The first

installment shall be paid within thirty (30) days after receipt of the EEOC's

Distribution List as discussed below, with the remaining seventeen (17) monthly

instalments due every thirty (30) days thereafter with no pre-payment penalty.

D.      To secure the Settlement Amount, Defendants Square

Barrels/Surfeits' President, Mr. Hideo Simon, shall execute a personal guarantee

("Personal Guarantee") on his personal assets for the benefit of the EEOC in the

amount of $15,000 plus interest at the rate of 4.94% in the event of a default, in

accordance with 28 U.S.C. 1961.  Within twenty (20) days of the Effective Date,

Defendants Square Barrels/Surfeit shall send the original Personal Guarantee to the

EEOC via certified mail, return receipt requested to Anna Y. Park, Regional

Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District

Office, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

E.      The EEOC agrees to provide Defendants with a Distribution List

containing Charging Party's and any eligible Claimant's current address, the

amount to be paid, and the classification of such amounts to be paid.

F.      Along with the Distribution List, the EEOC shall provide Defendants

with completed and signed W-9 forms for Charging Party and each eligible

Claimant whose payment amount includes, in whole or in part, a payment

characterized as non-wage compensation for emotional distress damages. No

withholdings shall be made from payments characterized as non-wage

compensation for emotional distress damages.  Federal and state withholdings as

required by law shall be made from payments characterized as wage loss damages.

G.     Within thirty (30) days of the EEOC providing a Distribution List and, if applicable, completed and signed W-9 forms, Defendant ALTRES shall send a check to the Charging Party and any eligible Claimant via certified mail, return receipt requested.

H.     Within thirty (30) days of the EEOC providing a Distribution List and, if applicable, completed and signed W-9 forms, Defendants Square Barrels/Surfeit shall send the check for the first monthly installment to the Charging Party and any eligible Claimant via certified mail, return receipt requested, and will do the same every thirty (30) days thereafter for the remaining seventeen (17) installments.

I.     For all payments to the Charging Party and any eligible Claimant, Defendants, in the ordinary course, shall prepare and distribute any necessary tax forms, including Forms 1099-MISC and/or Forms W-2, as appropriate for each Defendant's respective payments to the Charging Party and each identified eligible Claimant at their respective addresses specified by the EEOC in the Distribution List. Defendants shall be solely responsible for their own respective costs associated with the issuance and distribution of such tax forms. Any payment to Charging Party and any eligible Claimant will be paid in two checks if applicable: (a) a non-wage compensation check will be issued for emotional distress damages, and for such payment the Defendants shall prepare and distribute any 1099-MISC tax reporting form to Charging Party and any eligible Claimant, as required by law,

and shall make any appropriate report(s) to the Internal Revenue Service and other

tax authorities; and (b) a wage payment, which payment will be treated as wages,

subject to deductions for federal and state withholding taxes and other deductions

Defendants are required by law to make.  Defendants, not Charging Party or any

eligible Claimant, shall pay the employers' respective portion of all deductions

required by law, including, but not limited to, FICA and FUTA taxes. Such

amounts shall not be deducted from payment of the monetary Settlement Amount

to Charging Party and any eligible Claimant.

   J.  Within ten (10) business days after the issuance of each settlement

check or the issuance of tax reporting forms, Defendants shall mail, via USPS, a

copy of the check, tax reporting forms, and related correspondence to Anna Y.

Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los

Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA,

90012.

## IX. <u>CLAIMANT SPECIFIC INJUNCTIVE RELIEF</u>

   A. <u>References for Claimants</u>

Defendants shall:

   1.  Within ten (10) days of receipt of the Distribution List from the

EEOC, remove from any identified Claimants' files that are maintained by

Defendants any documents regarding or references to, the charges of discrimination filed against Defendants or Claimants' participation in this Action;

2.     To the extent that Defendants must keep records of the charges of discrimination, or in order to effectuate this Decree, such records must be maintained separately from Claimants' personnel documents on file with Defendants;

3.     With respect to inquiries directed to Defendant ALTRES and provided that Charging Party and Claimants refer employment and/or income verification requests or requests for information to ALTRES' Benefits Department (benefits@altres.com; 808-591-4995), the Parties understand that Defendant ALTRES' policy is that, absent lawfully issued subpoena or court order, requestors will be directed to The Work Number®. Defendant ALTRES shall provide a neutral verification of each such individual's employment, income and only disclose dates of employment and last position held;

4.     With respect to employment verification inquiries directed to Defendants Square Barrels/Surfeit, Defendants Square Barrels/Surfeit shall provide a neutral verification of each such individual's employment and only disclose dates of employment and last position held;

5.     Within ten (10) days of receipt of each Distribution List from the EEOC, remove from any identified Claimants' personnel files any documents

or correspondence regarding or referencing discipline, separation from employment (including, but not limited to, unemployment insurance benefits, termination, resignation, lay off and dismissal) or negative performance reviews created after April 2020;

6.      Ensure that Claimants are not prohibited from re-employment with Defendants.  Nothing in this Decree shall prevent Claimants from seeking re-employment with Defendants; and

7.      Within one hundred (100) days of the Effective Date, provide the EEOC with a report that each respective Defendant has fully complied with this Section IX.

## X.      <u>GENERAL INJUNCTIVE RELIEF</u>

A.      <u>Anti-Discrimination</u>

Defendants, their officers, agents, management (including all supervisory employees), successors, and assigns, are hereby enjoined from engaging in any employment practices that discriminate against any persons in violation of Title VII, including on the bases of sex and/or sexual orientation under the Action.

B.      <u>Anti-Retaliation</u>

Defendants, their officers, agents, management (including all supervisory employees), successors and assigns are hereby enjoined from engaging in any employment practices which retaliate against any person in violation of Title VII, because he or she has in the past, or during the term of this Decree:

1. Opposed any practice made unlawful under Title VII;

2. Filed a charge of discrimination alleging such practice;

3. Made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII;

4. Was identified as a Potential Claimant or witness in this Action;

5. Asserted any right under this Decree; or

6. Sought and/or received any relief in accordance with this Decree.

## XI.    **SPECIFIC INJUNCTIVE RELIEF**

A.    External Equal Employment Opportunity Monitor

For the Duration of the Decree, Defendant ALTRES and, separately, Defendants Square Barrels and Surfeit, shall retain their own respective external Equal Employment Opportunity Monitor ("Monitor") to monitor each respective Defendant's compliance with Title VII. Unless already disclosed and approved by the EEOC, the respective Monitors shall be disclosed to the EEOC within thirty (30) days after the Effective Date.  The respective Monitors, who are subject to the EEOC's approval, which approval shall not be unreasonably withheld, must have demonstrated experience in the areas of preventing and combatting sex discrimination and sexual harassment (including sexual orientation discrimination and harassment).  Each Monitor shall have access to documents and employees of the Defendant for whom they work and shall monitor their respective Defendant's

compliance with Title VII, and the provisions of this Decree. Defendants shall bear all costs associated with their own Monitor and the performance of his/her duties. If a Defendant must replace a Monitor during the duration of the Decree, that Defendant shall promptly notify the EEOC of the new designee and seek the EEOC's approval, which shall not be unreasonably withheld or delayed.

As it relates only to the respective Defendant for whom the Monitor works, each Monitor's responsibilities shall include:

1.      Reviewing Defendant's policies and procedures that relate to sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation in order to ensure the language of the policies and procedures fully complies with Title VII and all terms set forth in the Decree, as described in Section XI.D. (Policies and Procedures);

2.      Creating and implementing the training curriculum under Section XI.F. (Training);

3.      Ensuring that trainings required by this Decree are effective, especially with respect to training of, where applicable, executives, managers, supervisors, recruiters, and human resources employees, by attending the Management and/or Human Resources/Investigations Training for Defendants, and providing guidance or feedback if additional training is needed to ensure prompt, effective and impartial complaint investigations;

4.      Providing guidance and making recommendations on progress and compliance with Title VII and this Decree;

5.      Preparing an annual report to the EEOC on Defendant's progress and compliance under Title VII and this Decree pursuant to Section XI.L.1. (Annual Report); and

6.      Using reasonable efforts to ensure Defendant's compliance with this Decree and Title VII.

B.      Equal Employment Opportunity "EEO" Unit

For the Duration of the Decree, each Defendant's internal monitoring of compliance with Title VII and the provisions of this Decree shall be handled through its own centralized unit that will be referred to in this Decree as an "EEO Unit."  Unless already disclosed and approved by the EEOC, the experience and qualifications of the employee(s) within the EEO Unit shall be disclosed to the EEOC within thirty (30) days after the Effective Date.  The respective members of the EEO Units are subject to the EEOC's approval, which shall not be unreasonably withheld. The EEO Unit shall be comprised of member(s) with demonstrated experience in the areas of preventing and combatting sex discrimination and sexual harassment (including sexual orientation discrimination and harassment).  The EEO Unit shall have access to documents and employees of the Defendant for whom each respective EEO Unit works in order to monitor that

Defendant's compliance with Title VII, and the provisions of this Decree. Each Defendant shall bear its own costs associated with its respective EEO Unit and the performance of its duties. If the member(s) of the EEO Unit must be replaced during the duration of the Decree, that Defendant shall propose a new designee subject to EEOC's approval, which shall not be unreasonably withheld. Unless otherwise indicated elsewhere in this Decree, each respective Defendant's EEO Unit shall:

1.      Conduct audits and complaint reviews under Section XI.C. (EEOC Compliance Audits), to determine whether sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto exists;

2.      Track, review, and evaluate all information and documents received by the respective Defendant for whom the EEO Unit works regarding alleged discriminatory, harassing, and/or retaliatory conduct relating to complaints of sex discrimination, and/or sexual harassment (including sexual orientation discrimination and harassment), and any documents related to the investigation or resolution of such complaints to evaluate how each respective Defendant is responding to complaints and whether prompt, thorough and impartial investigations are being or have been conducted;

3.      Create and maintain a Complaint Log under Section XI.G., and

provide feedback to the respective Defendant for whom the EEO Unit works

regarding that respective Defendant's implementation of the Internal Complaint

Procedure under Section XI.E. and the Online Complaint Process under Section

XI.J., specifically with regard to documenting and investigation of complaints of

sex discrimination, sexual harassment (including sexual orientation discrimination

and harassment), and/or retaliation related thereto in an effort to ensure compliance

with Title VII and this Decree;

    4.    At least monthly through the term of the Decree, review the

Complaint Log and underlying documentation for complaints of sex

discrimination, sexual harassment (including sexual orientation discrimination and

harassment), and/or retaliation related thereto, and report findings to the EEOC in

the annual report pursuant to Section XI.L.1. (Annual Report);

    5.    Prepare an annual report to the EEOC regarding progress and

compliance under this Decree pursuant to Section XI.L.1. (Annual Report);

    6.    Ensure that reports required by this Decree are accurately

compiled and timely submitted;

    7.    Monitor and ensure the retention and maintenance of any

documents or records required by this Decree under Section XI.K.

(Recordkeeping);

    8.    Monitor and ensure the distribution of any documents and

Notice Posting as required by this Decree;

9.    Keep their respective Monitors informed regarding compliance with this Decree and Title VII, evaluate and, if appropriate and feasible, implement the respective Monitor's recommendations; and

10.    Act reasonably in an effort to ensure Defendants' compliance with this Decree and Title VII.

C.    EEO Compliance Audits

1.    *Complaint Audits*

a.    Old Complaints.  Within ninety (90) days of the Effective Date, the EEO Unit shall review all investigations that Defendant ALTRES conducted into complaints of sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto, from PEO Clients that are standalone restaurants and/or their employees ("Employee(s)"), during the year before the Effective Date, as well as the measures taken in response to any such complaints. The EEO Unit shall review to ensure that such investigations have been prompt, thorough and impartial, and recommend appropriate corrective measures to improve the quality of investigations and to ensure full compliance with Title VII.

b.    New Complaints.  The respective EEO Units shall review the Complaint Log described in Section XI.G. on a monthly basis, at a minimum, and

report back in the respective annual report regarding each Defendants'
implementation of the Complaint Log. The respective EEO Units shall have
access to all records and call logs regarding employee complaints of sex
discrimination, sexual harassment (including sexual orientation discrimination and
harassment), and/or retaliation related thereto, and shall have access to
employees, if necessary, to conduct interviews. The respective EEO Units shall, at
a minimum, review all employee complaints and the investigative actions taken
with respect to those complaints where the allegations involve sex discrimination,
sexual harassment, (including sexual orientation discrimination and harassment),
and/or retaliation related thereto. The respective EEO Units shall assess whether
the Defendant for whom they work has responded to any such complaints by
conducting a prompt, thorough, and impartial investigation. The respective EEO
Units shall ensure proper identification of complaints to assess if the Defendant
for whom they work conducted investigations promptly, thoroughly, and
impartially, and took prompt, preventative and corrective actions within their
control as required under Title VII, particularly any complaints against an owner,
officer and/or executive, and report back to the EEOC in its annual report
concerning compliance with this section.

2.    *Audit Reports*

The results of all audits and complaint reviews shall be submitted to the

EEOC in the annual report pursuant to Section XI.L.1. Each respective

Defendant's annual report shall include assessments and recommendations for

remedying all identified issues with sex discrimination, sexual harassment

(including sexual orientation discrimination and harassment), and/or retaliation

related thereto.

D.    Policies and Procedures

1.    *Scope*

Following the Effective Date of this Decree, Defendants shall implement the

policies set out in Section XI.D. (Policies and Procedures) and XI.E. (Internal

Complaint Procedure) to apply to all of Defendants Square Barrels/Surfeits'

employees and all of Defendant ALTRES' PEO Clients' employees during the

pendency of the Decree.

2.    *Revision of Policies and Procedures*

Within thirty (30) days of the Effective Date, Defendants, with the assistance

of their respective Monitor shall implement policies and procedures that explain,

define, and prohibit sex discrimination in the terms and conditions of employment

including, but not limited to, hiring, firing, and promoting employees, and sexual

harassment (including sexual orientation discrimination and harassment), and/or

retaliation (the "Policy").  Defendants' respective Policy shall also address

compliance with Title VII, including prevention of sex discrimination and sexual

harassment (including sexual orientation discrimination and harassment), methods

for quickly and effectively responding to sex discrimination and sexual harassment

(including sexual orientation discrimination and harassment), and a zero-tolerance

policy for those found to have engaged in sex discrimination, sexual harassment

(including sexual orientation discrimination and harassment), and/or retaliation

related thereto.

     If Defendant(s) have not already done so, within ten (10) days of the

Effective Date, Defendants shall provide the EEOC with a copy of their respective

Policy.  Defendants agree to work cooperatively with the EEOC and their

respective Monitor to agree on revisions, if any, to the aforementioned policies and

procedures to ensure they include:

     a.     a clear and express prohibition against sex discrimination, sexual

harassment (including sexual orientation discrimination and harassment), and/or

retaliation;

     b.     a clear description of sex discrimination, sexual harassment

(including sexual orientation discrimination and harassment), and/or retaliation,

including a discussion of the meaning of the phrase "hostile work environment"

and "retaliation" under Title VII with examples of prohibited conduct, including

conduct which, if left unchecked, may rise to the level of unlawful harassment or

discrimination;

       c.     assurance that Defendant ALTRES will take immediate and appropriate corrective action within its control when it determines that sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto has occurred;

       d.     assurance that Defendants Square Barrels and Surfeit will take immediate and appropriate corrective action when it/they determine(s) that sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto has occurred;

       e.     assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation;

       f.     a statement that the revised Policy applies to all persons, including owners, officers, executives, managers (including all supervisory employees), recruiters, employees, third parties, and Human Resources employees; and

       g.     an Internal Complaint Procedure, as described in Section XI.E.

Defendants shall submit to the EEOC their proposed final revisions to their respective Policy prohibiting sex discrimination, sexual harassment, (including sexual orientation discrimination and harassment), and/or retaliation thirty (30) days prior to the proposed change, if any.

3.      *Distribution of Revised Policies and Procedures*

a.      *As to Defendants Square Barrels and Surfeit*

If the EEOC does not provide comment within thirty (30) days of its receipt of Defendants Square Barrels/Surfeits' revised Policy, Defendants Square Barrels/Surfeit shall distribute their revised Policies and Procedures to their employees, within ninety (90) days of the Effective Date by (a) posting copies in clearly visible areas within their offices; and (b) providing copies to each current employee by sending an electronic copy to their work email address.  For employees hired after the Effective Date, Defendants Square Barrels/Surfeit shall provide an electronic copy of the revised Policy during the onboarding process, which typically occurs within the first three (3) days of employment. Each employee shall acknowledge receipt of the revised Policies and Procedures either electronically or via a wet-signed form.  The revised policies and procedures shall be disseminated via electronic mail on an annual basis during the term of the Decree. On an annual basis throughout the term of the Decree, Defendants Square Barrels/Surfeit shall provide a statement confirming distribution of the revised Policy to all of their employees.

b.      *As to Defendant ALTRES*

In the event that Defendant ALTRES' Policy is revised, if the EEOC does not provide comment within thirty (30) days of its receipt of Defendant ALTRES' revised Policy, Defendant ALTRES shall disseminate the revised Policy by posting

24

it to HR Symphony for all existing and future PEO Clients (*i.e.,* those clients to whom ALTRES provides human resources services as an administrative employer), along with a link/reminder for their worksite employees to view the revised Policy on an annual basis during the term of the Decree. On a moving forward basis, Defendant ALTRES' New PEO Clients' worksite employees will acknowledge receipt of the revised Policy. "New PEO Clients," as used throughout this Decree, shall mean those clients of Defendant ALTRES who sign or renew a PEO HR Services Agreement with Defendant ALTRES after the Effective Date of this Decree and who elect to use the General Employment Policies guide for their businesses.

      E.    <u>Internal Complaint Procedure</u>

      The Internal Complaint Procedure shall incorporate the following elements:

      1.    A clearly described process for submitting complaints of sexual harassment,  sex discrimination (including sexual orientation discrimination and harassment), and/or retaliation that includes multiple avenues for employees to lodge complaints of harassment, discrimination, and/or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address; (b) an online complaint process; and (c) providing various options for who can be notified (e.g., supervisor, member of senior management, or Human Resources representative). Each Defendant and its EEO Unit will be responsible for its own

respective tracking of complaints;

2.      A clearly described process for a prompt, thorough, and impartial investigation of all complaints from employees, including (a) relevant witnesses, including the complainant, the accused, and witnesses who reportedly have personal knowledge (and documenting the reason(s) why a relevant witness was not interviewed), (b) review of all relevant evidence; (c) creation of written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

3.      Assurance that no complainant shall be required to confront the accused and that the confidentiality of the complaint, complainant and investigation shall be kept confidential to the fullest extent possible;

4.      Tracking and collection of all complaints of discrimination, harassment, and retaliation in the Complaint Log;

5.      Resolution of all complaints of discrimination, harassment, and retaliation, by Defendants, in a timely and effective manner not to exceed ninety (90) days, absent extenuating circumstances;

6.      A clear explanation of Defendants' commitment to conduct a follow-up meeting with the employee to evaluate the continued effectiveness of any step taken by Defendants to remedy any sexual harassment or sex discrimination

(including sexual orientation discrimination and harassment), and/or retaliation related thereto;

7.      A requirement that any employee in an owner, officer, executive, manager, recruiter, supervisory, or Human Resources position document and report any and all observations or complaints of potential sexual harassment, sex discrimination (including sexual orientation discrimination and harassment), and/or retaliation related thereto to Defendants' Human Resources Department within one business day, and that failure to carry out this duty may be grounds for disciplinary action, up to and including immediate discharge;

8.      An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination; and

9.      Publication in its Policy the EEOC complaint line of 800-669-4000.

The EEO Unit shall for each Defendant review that respective Defendant's application of the internal complaint procedure by monitoring complaints regarding sexual harassment, sex discrimination (including sexual orientation discrimination and harassment), and/or retaliation relating thereto and report back to the EEOC in its annual report pursuant to Section XI.L.1 (Annual Report).

F.    Training

1.    *Scope of Training Requirements*

Unless otherwise noted, Defendants Square Barrels and Surfeit shall implement the training regimen set out in Section XI.F. 4 and 5. with respect to all employees.   Defendant ALTRES shall implement the training regimen set out in Section XI.F.6. with respect to all Human Resource Specialists since they handle investigations.

2.    *All Trainings*

a.    All trainings described below shall be mandatory for the duration of the Decree. All persons shall verify their attendance in writing. Defendants shall maintain copies of training sign-in sheets for the duration of the Decree.

b.    All trainings provided pursuant to this Decree shall be live, in-person, and interactive, unless otherwise indicated. Defendants shall work with the Monitor, a labor and employment attorney, or other third party of Defendants' choosing to develop the training curriculum. Examples shall be given of prohibited conduct. Defendants shall leave time for question and answer at the conclusion of the training. All trainings and training materials shall be provided in all language(s) commonly understood by employees.

c.    Within thirty (30) days after the Effective Date, Defendants

shall submit to the EEOC and Defendants' respective Monitors the identity and qualifications of the qualified third-party trainer selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. Upon receipt, the EEOC and Defendants' respective Monitors may provide comment within thirty (30) days regarding any necessary revisions to the training.

        d.     Unless otherwise stated, the trainings in Section XI.F.4, 5 and 6 shall occur within sixty (60) days of the Effective Date, and thereafter on an annual basis. Defendant ALTRES represents that on June 9, 2023, its Human Resources team received live Equal Employment Opportunity Training on the topics of (among other things) Non-Discrimination, Non-Harassment, and Non-Retaliation Based on National Origin and Sex, including discussion of Sexual Orientation and Gender Identity Discrimination and instruction on conducting investigations. Within five (5) days of the Effective Date, Defendant ALTRES shall provide the EEOC and the Monitor with copies of the sign-in sheet, training materials and document describing the trainer's qualifications and this prior training shall serve to satisfy the first of the training sessions required by this Decree.  When scheduling each live training, Defendants shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training. Within

thirty (30) days of the hire date of any employee who is subject to the training requirements and who is hired after the required training, an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training shall be provided. All employees will be paid their normal rate of pay during the trainings.

        e.      Defendants shall give the EEOC and Defendants' respective Monitors a minimum of twenty (20) days advance written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training upon request by the EEOC. The EEOC may also review training materials proposed and/or used upon request.

        3.    *New Employee Orientation*

        a.      *As to Defendants Square Barrels/Surfeit*

Defendants Square Barrels/Surfeit shall provide an oral orientation ("Orientation") to all new employees during onboarding, which typically occurs within three (3) days of hire.  The Orientation shall emphasize that (a) Defendants Square Barrels/Surfeit are committed to ensuring that their workplaces are free of discrimination, harassment and retaliation, especially based on sex/sexual orientation; (b) that Defendants Square Barrels/Surfeit take seriously all allegations of discrimination, harassment and retaliation and encourages employees to notify Defendants Square Barrels/Surfeits' Human Resources Department when they

become aware of potentially discriminatory, harassing and/or retaliatory conduct; and (c) that Defendants Square Barrels/Surfeit will take prompt, preventative and corrective action in response to discrimination, harassment and retaliation in the workplace.  The Orientation shall briefly review Defendants Square Barrels/Surfeits' complaint procedures, and explain where employees can find additional information, including the appropriate contact information.

          b.     *As to Defendant ALTRES*

Defendant ALTRES provides onboarding through a platform called QuickHire, and onboarding typically occurs within three (3) days of hire.  The onboarding orientation shall emphasize that (a) Defendant ALTRES is committed to helping its PEO clients safeguard their workplaces from discrimination, harassment and retaliation, especially based on sex/sexual orientation; (b) Defendant ALTRES takes seriously all allegations of discrimination, harassment and retaliation and encourages PEO Clients and PEO Clients' employees to promptly notify their worksite employer and Defendant ALTRES when they become aware of potentially discriminatory, harassing and/or retaliatory conduct; (c) Defendant ALTRES will take prompt, preventative and corrective action within its control in response to discrimination, harassment and retaliation in the workplace of its PEO Clients of which it is aware; and (d) provide the local and toll free phone numbers, email address, and mailing address to report complaints.

4.    *Compliance and Civility Training for All Employees of Defendants Square Barrels/Surfeit*

All employees of Defendants Square Barrels/Surfeit shall be required to attend a Compliance Training lasting at least two (2) hours in duration. The training under this section shall cover:

a.    the role and purpose of Title VII, including what constitutes unlawful sex/sexual orientation discrimination, a hostile work environment based on sex/sexual orientation, and retaliation;

b.    the rights and responsibilities under Title VII and this Decree of employees if they experience, observe, or become aware of conduct that they believe may be harassing, discriminatory, or retaliatory;

c.    preventing harassment, including sexual harassment (including sexual orientation harassment), stopping bullying, bystander intervention, and having respect for diversity in the workplace including a discussion of appropriate and inappropriate language as it relates to sex and/or sexual orientation; and

d.    the revised Policies and Procedures as outlined in Section XI.D and the Internal Complaint Procedure in Section XI.E.

The training shall emphasize Defendants Square Barrels/Surfeits' commitment to ensuring a workplace free of discrimination, harassment or discrimination and encourage employees that experience or witness discriminatory,

32

harassing and/or retaliatory conduct to report it. The training shall also emphasize the consequences for employees that engage in prohibited conduct and for managers, recruiters, and human resources employees that fail to notify Defendants Square Barrels/Surfeits' Human Resources Department upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendants Square Barrels/Surfeit shall provide direct contact information for Defendants Square Barrels/Surfeits' Human Resources Department, and the toll-free phone numbers and online complaint process.

5.    *Management and Human Resources/Investigations Training for Defendants Square Barrels/Surfeit*

All owners, officers, executives, managers, supervisors, recruiters, human resources employees, and other personnel with authority to recruit, hire, or place employees or to respond to complaints of discrimination or harassment of Defendants Square Barrels/Surfeit shall attend a Management and Human Resources/Investigations Training of at least three (3) hours in duration that includes role playing and emphasizes accountability of human resources agencies and compliance with this Decree. The trainings shall be live, in-person and interactive. The Monitor shall attend the Management and Human Resources/Investigations Trainings, which shall address the following:

a.    The historical support for Title VII prohibitions against sex

discrimination, sexual harassment (including sexual orientation discrimination and harassment), hostile work environment, and retaliation;

      b.     Examples of comments and conduct that alone or together may rise to the level of unlawful sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation;

      c.     Consequences for owners, officers, executives, managers, supervisors, recruiters, and human resources personnel that fail to follow or enforce Defendants' revised Policies and Procedures or that fail to document and report within 24 hours observations or complaints of potential sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation;

      d.     Consequences for owners, officers, executives, managers, supervisors, and employees that engage in conduct that may be considered sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation; and

      e.     Defendants' Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of discrimination, harassment or retaliation, including: (1) investigative techniques, and the duty to impartially interview all relevant witnesses; (2) the duty to report up the chain of command potential discrimination, harassment, and retaliation; (3) the need to thoroughly document

harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted; (4) types of preventative and corrective actions; (5) post-investigation procedures for monitoring the work environment; and (6) the duty to monitor and audit any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

6.   *Human Resources/Investigations Training for Defendant ALTRES*

Defendant ALTRES will ensure that each of its owners, officers, executives, managers, supervisors, recruiters, human resources employees, and other personnel with authority to recruit, hire, or place employees or to respond to complaints of discrimination or harassment is aware of the term(s) of this Decree which may be related to his/her job duties.

All Human Resources Specialists for Defendant ALTRES shall attend a Human Resources/Investigations Training of at least two (2) hours in duration that includes role playing and emphasizes accountability of PEOs and compliance with this Decree. The trainings shall be live, in-person and interactive. The Monitor shall attend (and/or conduct) the Human Resources/Investigations Trainings which shall address the following:

a.   The historical support for Title VII prohibitions against sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), hostile work environment, and retaliation;

35

b.      Examples of comments and conduct that alone or together may rise to the level of unlawful sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation;

c.      Defendant ALTRES' obligations under the Decree, as a PEO, and the obligations of Defendant ALTRES' Human Resources Specialists in complying with the Decree;

d.      Consequences for failing to follow or enforce Defendant ALTRES' revised policies and procedures or failing to document and report within one business day observations or complaints of potential sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation;

e.      Consequences for engaging in conduct that may be considered sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation; and

f.      Defendant ALTRES' Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of discrimination, harassment or retaliation, including: (1) investigative techniques, and the need to impartially interview relevant witnesses, including, where applicable, employees of Defendant ALTRES' PEO Clients (including their owners, officers, executives, managers, supervisors); (2) the need to report up the chain of command potential

discrimination, harassment, and retaliation; (3) the need to thoroughly document

harassment and discrimination complaint investigations, including taking and

retaining notes of interviews conducted; (4) types of preventative and corrective

actions; (5)  the need to explicitly inform or remind Defendant ALTRES' PEO

Clients that they must undertake corrective action reasonably calculated to end

harassing conduct perpetrated by their employees (including their owners, officers,

executives, managers, supervisors) and reasonably calculated to prevent future

harassment against their employees, and to protect their employees from further

harassment where Defendant ALTRES' PEO Clients fail to take appropriate

corrective action; and (6) post-investigation procedures for providing suggestions

and recommendations to PEO Clients for how they can monitor the work

environment and their need to assess any post-complaint or investigation personnel

actions regarding complainants and witnesses to ensure absence of retaliation.

### 7.  *Verification of Training*

All persons required to attend such training shall verify their attendance in

writing. Within ninety (90) days of the Effective Date and annually thereafter,

Defendants shall produce to the EEOC and their respective Monitor documents

verifying the occurrence of all training sessions conducted as required under this

Decree, including the written training materials used, a description of the training

provided, a list of the individuals who conducted the training, and a list of the

names and job titles of attendees at each training session.

G.      Complaint Log

Within thirty (30) days of the Effective Date, Defendants shall establish

their own respective Complaint Logs, in consultation with their respective EEO

Units, for centralized tracking of all formal and informal complaints from PEO

Clients and their employees regarding complaints of sex discrimination, sexual

harassment (including sexual orientation discrimination and harassment), and/or

retaliation related thereto and the monitoring of such complaints to prevent

retaliation. This system shall be searchable by name of individual(s) and by

location(s) of alleged misconduct, and shall contain, for each complaint or

investigation of sex discrimination, sexual harassment (including sexual orientation

discrimination and harassment), and/or retaliation related thereto, at least the

following information in subparts (1) through (12) below:

1.      full name, home address, and home telephone number and cell phone

number (as applicable) of each complainant and potential aggrieved individual;

2.      full name, home address, and telephone number and cell phone

number (as applicable) of any persons allegedly involved (including but not limited

to those identified as potential perpetrators) in alleged incidents of discrimination

or retaliation;

3.      a description of how Defendants learned of the complaint, including

whether the complaint was first directed to a PEO Client or Defendants, whether the complaint was first made to a manager, human resources employee, via the toll-free phone numbers, online complaint process, or via email, and the date the complaint was reported to Defendants' Human Resources department;

4.    the location (including name(s) of PEO Client(s)) where the alleged misconduct occurred;

5.    date each complaint was made and the date that Defendants or the PEO Client provided notice of the complaint;

6.    date each investigation began and was completed;

7.    type of discrimination or retaliation alleged, reported, or investigated;

8.    type of adverse employment action involved (e.g., "harassment");

9.    name, title, and employer of person(s) who conducted each investigation;

10.    description of action taken in response to the charge, complaint, report, or investigation;

11.    resolution, or decision made, regarding each complaint made and each investigation conducted, including where such resolutions and/or reports are made by Defendant ALTRES' PEO Clients or the PEO Clients' employees or Defendants Square Barrels and Surfeit;

12.    status of each complaint or investigation reflected in the Complaint

Log (such as "open," "pending," "closed," etc.). Defendants shall maintain their respective Complaint Logs throughout the duration of this Decree.

13.    Defendant Square Barrels/Surfeit shall produce its Complaint Log upon EEOC's request.

14.    Defendant ALTRES will log the information required by this Section XI.G. (1) – (12) for all its PEO Clients, but only an anonymized version of its Complaint Log, *limited to information pertaining to standalone restaurant PEO Clients only*, is subject to production to the EEOC pursuant to this Decree. For purposes of this Decree, "anonymized" shall mean that instead of identifying particulars (e.g., a person or entity's name, location, complete phone number, etc.) unique identifiers (e.g., numbers, initials, or some other anonymized identifier that does not reveal the identifying particulars) will be used instead for the information required by Section XI.G., subparts (1), (2), and (4). Subpart (9) will also be anonymized, but only if the person who conducted the investigation was someone other than Defendant ALTRES. However, the Monitor shall have full access to the non-anonymized version of the Complaint Log as well as other unredacted and non-anonymized information and documents relating to the Complaint Log. The Monitor shall work with the EEOC to monitor and ensure Defendant ALTRES' compliance with Title VII and this Decree;

15.    For enforcement purposes, notwithstanding subpart (14) above, in the event the EEOC has a reasonable belief that an investigation described in the anonymized Complaint Log limited to restaurant PEO Clients was not or may not have been promptly, thoroughly, and impartially investigated and addressed by Defendant ALTRES, the EEOC shall notify Defendant ALTRES in writing the EEOC's specific concern and identify the particular entry in the Complaint Log for which the EEOC wants non-anonymized information and unredacted documentation; and

16.    Within twenty (20) days of the EEOC's written notification, Defendant ALTRES shall provide the EEOC with the unredacted and non-anonymized information regarding the investigation relating to the particular entry/entries in the Complaint Log that is the subject of the EEOC's notification and non-privileged documents related thereto, unless the EEOC and Defendant ALTRES mutually agree otherwise to extend the time period for production.  No records or information, whether anonymized or not, relating to any of Defendant ALTRES' other PEO Clients will be provided to the EEOC for purposes of Sections XI. G, K & L of this Decree.

H.    Posting of Notice

Within ten (10) business days after the Effective Date and throughout the

term of this Decree, Defendants agree to post laminated copies of the Notice attached as **Exhibit A** in clearly visible locations frequented by employees at Defendants' respective offices.

 I. Relationship between Defendant ALTRES and New PEO Clients

Defendant ALTRES and any New PEO Clients shall enter into a mutual Agreement:

 1. to enforce policies and procedures that parallel those outlined in Section XI.D. (Policies and Procedures);

 2. that includes a clear delineation of duties with respect to the investigation of complaints of discrimination, harassment, and/or retaliation for Defendant ALTRES and for the PEO Client, and stating that Defendant ALTRES shall be given notice of and shall investigate all complaints against an owner, officer and/or executive of PEO Clients, unless the PEO Client elects to hire a person or entity other than ALTRES to conduct the investigation. For all investigations relating to PEO Clients that ALTRES conducts, the EEO Unit and the Monitor shall review such investigations to ensure that they are conducted promptly, thoroughly and impartially, and that corrective and preventative actions within ALTRES' control are timely recommended and/or taken, in compliance with Title VII;

 3. to notify the Human Resources Department for Defendant ALTRES

and the PEO Clients in writing within one business day of receiving a formal or informal complaint of sexual harassment, sex discrimination (including sexual orientation discrimination and harassment), and/or retaliation related thereto;

4.      to coordinate investigations into all complaints of discrimination, harassment, and/or retaliation;

5.      to share with each other information and records that may be relevant to investigations of complaints of discrimination, harassment, and/or retaliation;

6.      to coordinate and take appropriate remedial action (including termination of relationship with a PEO Client if that PEO Client refuses to take appropriate remedial action as recommended by Defendant ALTRES); and

7.      to ensure that information regarding the online complaint process and other accessible avenues of complaint are communicated to all employees.

8.      With respect to Defendant ALTRES, its Monitor shall confirm in the annual report that Defendant ALTRES has fully complied with Section XI. I.

J.      Online Complaint Process

Within thirty (30) days of the Effective Date, Defendants shall maintain for the duration of the Decree an online complaint process to report complaints of discrimination, harassment and/or retaliation.

Within thirty-five (35) days of the Effective Date, and once annually thereafter for the term of this Decree, Defendants shall disseminate information

about the online complaint process through an electronic notice sent to employees'

work email address or, with respect to Defendant ALTRES, an electronic

notification posted on HR Symphony to all PEO Clients' employees (either

notification is hereinafter referred to as "Flyer"). The Flyer shall make clear that

the online complaint process is accessible online, 24-hours per day and that

Defendants prohibit sexual harassment and take seriously all allegations of

harassment and retaliation involving anyone (including owners, officers,

executives, managers, supervisors and other employees). The Flyer shall also

reflect that complaints received through the online complaint process go directly to

the respective Defendant's EEO Unit, who will monitor all complaints and review

investigations, particularly those concerning complaints of discrimination,

harassment and/or retaliation against an owner, officer and/or executive.

     The online complaint process shall be available seven days per week, 24

hours per day. Defendants shall track and log all of their own online complaint

process inquiries and response times. Once a complaint is received by a respective

Defendant, that Defendant will contact the complainant within one business day,

and then follow the Internal Complaint Procedure in Section XI.E. Each

Defendant's respective EEO Unit shall review and evaluate the effectiveness and

responsiveness to an online complaint process complaint.

     Defendants shall provide the Flyer to employees hired after the Effective

Date during the onboarding process. Defendant Square Barrels/Surfeit shall have each new employee sign a form acknowledging receipt.

K.    Recordkeeping

The records to be maintained shall include the following items generated by each respective Defendant and, with respect to Defendant ALTRES, as it relates only to PEO clients and those PEO clients' employees:

1.    All communications with the respective Monitors, the respective EEO Units and the EEOC relating to this Decree and its implementation;

2.    All documents related to any complaint of sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto, from any PEO Client and its employees, including documents relating to the respective Defendant's investigations or resolutions of such complaints and the identities of all witnesses identified by the complainant and/or through the respective  investigations, and all non-privileged communications related to the complaint, the investigation, or the resolution;

3.    All personnel and performance related documents related to any person that files a complaint or otherwise reports sex discrimination or sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation related thereto;

4.      All documents generated in connection with the audits conducted by the Monitor under Section XI.C.;

5.      All forms (if any) acknowledging employees' receipt of Defendants' respective revised Policies under Section XI.D.;

6.      All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.F.;

7.      Monthly copies of the respective Defendants' Complaint Log, maintained as required under Section XI.G.;

8.      All documents generated in connection with the monitoring, counseling and disciplining of employees whom a respective Defendant has determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

9.      All documents related to compliance with the terms of the Decree; and

10.      All documents generated in connection with Defendants' respective online complaint process.

Defendants Square Barrels/Surfeit shall make the aforementioned non-privileged records available to the EEOC within ten (10) business days following a written request by the EEOC.

Within twenty (20) days of a written request by the EEOC, Defendant

ALTRES shall produce the aforementioned records to the EEOC in accordance with and subject to the specific procedures outlined, in Section XI.G. (Complaint Log), subparts (14), (15), and (16), as well as Section XI.L.1. (Annual Reporting).

    L.    <u>Reporting</u>

        1.    *Annual Report*

Annually from the Effective Date, Defendants and their respective EEO Units, through their respective Monitors, shall provide reports containing:

        a.    The attendance lists of all attendees for the training sessions required under this Decree that took place since the previous report;

        b.    A list of all management or supervisory personnel or Human Resources Specialists with responsibility for receiving complaints of alleged or potential sex discrimination, including name, title, department and date of hire;

        c.    A statement confirming that Defendants have disseminated the revised Policy to all employees per Sections XI.D.3.a. or b., as applicable;

        d.    A statement confirming that Defendant ALTRES has fully complied with the requirements of Section IX.;

        e.    Documents verifying the occurrence of all training sessions, including the written materials used, a description of the training, a

list of the trainers, and a list of the attendees, pursuant to Section XI.F.;

       f.     As to Defendants Square Barrels/Surfeit, a description of all sex discrimination, sexual harassment (including sexual orientation discrimination and harassment), and/or retaliation complaints made, investigated, including the complainants; the nature of the complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendants Square Barrels/Surfeits' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation. If no results have been reached as of the time of the report, the result shall be included in the next report;

       g.     As to Defendant ALTRES, a copy of the anonymized Complainant Log limited to restaurant PEO Clients only as more fully described in Section XI.G.;

       h.     A statement confirming that the required notices pertaining to this Decree, the revised Policy, and the online complaint process have been disseminated pursuant to Sections XI.H. (Posting of Notice), XI.D. (Policies and Procedures), and XI.J. (Online Complaint

Process);

      i.   The status of Defendants' compliance with the terms of the Decree;

      j.   Whether any revisions of Defendants' respective Policy regarding sex discrimination, sexual harassment, and retaliation took place since the preceding report, including a copy of the revised Policy; and

      k.  The Annual Report shall also include the respective Monitor's and EEO Unit's descriptions of all work performed pursuant to this Decree and provide the respective Monitor's and EEO Unit's feedback and recommendations going forward.  The report shall include the respective EEO Unit's evaluation and recommendations following the audits under Section XI.C. (EEO Compliance Audits), the trainings under Section XI.F., and review of each Defendant's implementation of the Internal Complaint Procedure and Complaint Log under Sections XI.E. and XI.G. Most importantly, the Annual Report shall include the respective Monitor's and the EEO Unit's feedback regarding each Defendant's good faith efforts to comply with this Decree and Title VII, as well as each Defendant's efforts to ensure employment decisions are made without regard to sex and/or sexual orientation, and respond appropriately to harassment, discrimination, and/or retaliation complaints. The Annual Report shall cover all of the respective

Monitor's and the EEO Unit's responsibilities, as detailed in Section XI.A. and B.

## XII.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Each Defendant shall bear its own costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.  MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' locations, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B.      During the term of this Consent Decree, Defendants shall assure that each of their officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East

Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.     The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XV.   **EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X**

A.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allows for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.     Defendant ALTRES' EIN is: 99-0302463

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name: Linda Ling

Physical Address: 967 Kapiolani Blvd., Honolulu, HI 96814

2.     Defendants Square Barrels/Surfeits' EIN is: 47-1064677 (Aged Artisans LLC dba Square Barrels) and 84-3633783 (Surfeit Group LLC)

51

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name: Hideo Simon

Physical Address: 4348 Waialae Ave 422, Honolulu, HI 96816

3.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

4.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

5.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

6.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:  June 10, 2024                    /s/ *Anna Y. Park*

By:  Anna Y. Park

Attorney for Plaintiff EEOC

MARR JONES & WANG LLLP

Date:  June 10, 2024                  /s/ Andrea Lux Miyashita
                                      By:  Andrea Lux Miyashita
                                            Ashley Chinen
                                      Attorneys for Defendant ALTRES,
                                      Inc. dba SimplicityHR

DURRETT LANG MORSE, LLLP

Date:  June 10, 2024                  /s/ Clarisse M. Kobashigawa
                                      By:  Adam G. Lang
                                            Clarisse M. Kobashigawa
                                      Attorneys for Defendants AGED
                                      ARTISANS LLC DBA SQUARE
                                      BARRELS and SURFEIT GROUP
                                      LLC

**ORDER**

The provisions of the foregoing Consent Decree are fair, reasonable, and adequate. The Consent Decree is hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its termination.

Date:   June 10, 2024

The Honorable Susan O. Mollway
United States District Judge